**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

NIKHIL SODHI; et al.,

             Petitioners,

  v.

PAMELA BONDI, Attorney General,

             Respondent.

No. 24-3548

Agency Nos.
A240-259-446
A240-495-082

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2025[**]

Before:    SILVERMAN, WARDLAW, and DESAI, Circuit Judges.

      Nikhil Sodhi and his minor daughter, natives and citizens of India, petition

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's ("IJ") decision denying their application

for asylum and Sodhi's applications for withholding of removal and protection

---

       [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We grant the petition for review and remand.

The BIA found no clear error in five factual findings the IJ relied on in support of an adverse credibility determination. Substantial evidence does not support four of these findings. Substantial evidence does not support the agency's determinations that Sodhi's testimony was inconsistent with his declaration as to how many times he was punched, that he omitted his medical treatment from his declaration, that Sodhi's father omitted Sodhi's medical treatment from his affidavit, and that Sodhi's testimony was inconsistent with his asylum application as to his employment, where the agency failed to provide specific and cogent reasons for rejecting Sodhi's explanations for the perceived inconsistencies and omissions. *See Munyuh v. Garland*, 11 F.4th 750, 758 (9th Cir. 2021) ("[T]he agency has a duty to consider a petitioner's explanation for a perceived inconsistency[, and i]f that explanation is reasonable and plausible, then the agency must provide a specific and cogent reason for rejecting it." (internal quotation marks and citations omitted)); *see also Kumar v. Garland*, 18 F.4th 1148, 1154 (9th Cir. 2021) (alleged inconsistency not, in fact, inconsistent).

2                                    24-3548

The remaining finding involves a discrepancy between Sodhi's testimony and his father's affidavit. Because we cannot be confident that the BIA would have upheld the adverse credibility determination based on this third-party omission alone, *see Iman v. Barr*, 972 F.3d 1058, 1067 (9th Cir. 2020) (omissions are generally less probative of credibility), we grant the petition and remand for the BIA to reconsider Sodhi's credibility and for any necessary further proceedings consistent with this decision, *see Kumar*, 18 F.4th at 1156 (remand appropriate for BIA to determine whether remaining factors support determination); *see also Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (single-factor rule for adverse credibility determinations overruled).

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**